Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| EDGAR OLIVO GARCÍA T/C/P HERIBERTO GARCÍA PEÑA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00105 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>GMA1000-810-25<br><br>Sobre:<br>Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de abril de 2026.

El señor Edgar Olivo García (señor Olivo o recurrente), confinado, comparece *pro se* y en *forma pauperis*, mediante recurso de *revisión judicial*, solicitando la revocación de un dictamen emitido por el Departamento de Corrección y Rehabilitación, (DCR), el 3 de noviembre de 2025. En lo esencial, juzga que incidió el DCR al mantenerlo en una clasificación de custodia mediana, a partir de la consideración de un *Detainer* emitido por el estado de Nueva York, que ya no está vigente.

No obstante, al verificar nuestra jurisdicción para atender el asunto planteado, nos resulta evidente que el recurso fue presentado de manera tardía, por lo cual carecemos de jurisdicción para atenderlo, estando obligados a desestimar.

**I. Resumen del tracto procesal**

El 28 de enero de 2025, el Comité de Clasificación y Tratamiento (el Comité) del DCR, ratificó la custodia mediana en la cual estaba ubicado el recurrente.

En desacuerdo, el 27 de octubre de 2025, el señor Olivo radicó una *Solicitud de Remedio Administrativo* ante la División. Adujo que se le había mantenido en la clasificación de custodia mediana, como resultado de que el Comité tomara en consideración una orden de arresto proveniente del estado de Nueva York emitida en su contra, *Detainer,* que ya no tenía vigencia. Arguyó que la trabajadora social del DCR a cargo de verificar tal asunto, no realizó la gestión de verificar la vigencia del referido *Detainer,* omisión que tuvo la consecuencia mencionada.

Ante lo cual, el 3 de noviembre de 2025, la División emitió una *Respuesta al Miembro de la Población Correccional,* desestimando la *Solicitud de Remedio Administrativo* del recurrente. Al así decidir, el foro administrativo determinó que las Reglas XIII(5)(e) y VI(2)(e) del *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional,* Reglamento Núm. 8583 del 4 de mayo de 2015, le impedían considerar el asunto, al establecer que:

Regla XIII(5)(2):

5. El Evaluador tiene la facultad para desestimar las siguientes solicitudes:

e. Por falta de jurisdicción, según se define en la Regla VI de este Reglamento. *Id.*

2. La División no tendrá jurisdicción para atender las siguientes situaciones:

e. Cuando se impugne una decisión emitida por algún comité conforme a los reglamentos aprobados, según dispone la Ley de Procedimiento Administrativo Uniforme, excepto que la Solicitud de Remedio se refiera al incumplimiento del trámite correspondiente impuesto por un tribunal. *Id.*

A los pocos días de emitido dicho dictamen, el 11 de noviembre de 2025, la representación legal del recurrente presentó un *Escrito al Expediente Administrativo* ante la Junta de Libertad Bajo Palabra, informando que el Departamento de Justicia (DJ) le había solicitado al DCR que le removiera el *Detainer* al recurrente, pues había sido retirada la Orden de Arresto del estado de Nueva York que lo provocó. Junto a este escrito fue incluida copia de la carta del DJ aludida.

No obstante, el **13 de noviembre de 2025**, el señor Olivo, presentó *pro se* una *Solicitud de Reconsideración* ante la División, con relación al dictamen del 3 de noviembre de 2025. Allí reiteró que permanecía sin privilegios, pases, planes de desvío, ni custodia mínima, por la falta de diligencia del DCR en retirarle el *Detainer*.

No surge de los documentos ante nuestra consideración que dicha *Reconsideración* fuera atendida por el DCR, de modo que se entiende denegada de plano.

Es así como, el **5 de marzo de 2026**, el señor Olivo acudió ante nosotros, mediante recurso de *revisión judicial.*

Por causa de la controversia jurisdiccional advertida, no nos resulta necesario requerir la comparecencia de la Oficina del Procurador General, resolvemos sin mayor dilación.

**II. Exposición de Derecho**

a.

La jurisdicción se define como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como **los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas**, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Íd.* (Énfasis provisto).

Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC*, 190 DPR 652, 659 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). Por tanto, **si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia**

**determinada, debemos así declararlo y proceder a desestimarlo**. *Íd.* (Énfasis provisto).

En el ámbito administrativo, al igual que en el foro judicial, tampoco existe discreción para asumir jurisdicción donde no la hay. *Muñoz Barrientos v. ELA*, 212 DPR 714, 726 (2023).

A tenor, la Regla 83(C)(1) de Reglamento del Tribunal de Apelaciones faculta a este foro intermedio a desestimar *motu proprio* un recurso cuando carezca de jurisdicción. 4 LPRA Ap. XXII-B, R. 83(C)(1).

b.

La Sección 3.15 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAU), preceptúa lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano **o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente** desde que se notifique dicha denegatoria **o desde que expiren esos quince (15) días, según sea el caso.** Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. (Énfasis provisto).
>
> [...]

Por su parte, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, contempla la revisión judicial de las decisiones administrativas finales ante este foro intermedio y establece lo siguiente:

> ...[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir** de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis provisto).

Dicho término de treinta (30) días para solicitar la revisión judicial ante este Tribunal es uno jurisdiccional, es decir, es improrrogable, fatal e insubsanable, y, por ende, no puede acortarse y tampoco es susceptible de extenderse. *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

Sobre el mismo asunto, la Regla 57 del Reglamento del Tribunal de Apelaciones, dispone que "[e]l escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de treinta (30) días contados [...] a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. R. 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __ 215 DPR __ (2025). (Énfasis provisto).

A su vez, el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015, (Reglamento Núm. 8583), dispone que "una vez recibida la Solicitud de Reconsideración [...], [el Coordinador] tendrá quince (15) días para emitir una respuesta al miembro de la población correccional si acoge o no su solicitud de reconsideración". Regla XIV del Reglamento 8583-2015. Además, allí se dispone que "[s]i se denegara de plano **o el miembro de la población correccional no recibe respuesta de su solicitud de reconsideración en el término de quince (15) días**, podrá recurrir, por escrito, en revisión judicial ante el Tribunal de Apelaciones". *Id.* (Énfasis provisto). Dicho "término comenzará a correr nuevamente desde el recibo de la notificación de negativa **o desde que se expiren los quince (15) días, según sea el caso**". *Id.* Bajo tales circunstancias, "[e]l miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, **dentro del término de treinta (30) días calendarios** [...]". Regla XV Reglamento 8583-2015. (Énfasis provisto).

**III. Aplicación del Derecho a los hechos**

Según se ilustra en el tracto procesal aquí provisto, el señor Olivo García nos solicita la revocación de la *Respuesta al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos el **3 de noviembre de 2025**. Indicamos, también, que el recurrente instó oportuna *Solicitud de Reconsideración* ante la División el 13 de noviembre de 2025. Sin embargo, según surge de la documentación incluida por la parte recurrente en el recurso de revisión judicial, transcurrido el término de quinces días desde presentada la referida moción de reconsideración, la División no actuó sobre esta. Por tanto, la moción de reconsideración debe reputarse como denegada de plano, y el término de treinta días para acudir ante este Tribunal de Apelaciones iniciado al finalizar el término de quince días del que disponía la agencia administrativa para atenderla. Sección 3.15 de la LPAU, supra. En consecuencia, el término para recurrir ante nosotros comenzó el 29 de noviembre de 2025 **y finalizó el 29 de diciembre de 2025**.

A pesar de lo anterior, el recurrente presentó el recurso de *revisión judicial* ante este Tribunal de Apelaciones **el 5 de marzo de 2026[1]**, superando de maneral holgada el término jurisdiccional de treinta días del que disponía para ello. De lo que se sigue que el recurso de *revisión judicial* fue instado fuera del término jurisdiccional de treinta (30) días, y esto nos impide considerarlo, más bien nos impone su desestimación por falta de jurisdicción.

**IV. Parte dispositiva**

Por los fundamentos expuestos, desestimamos el recurso de *revisión judicial* presentado por el señor Olivo, pues carecemos de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Sépase que, en consideración al estado de confinamiento del recurrente, hemos tomado el 5 de marzo de 2026 como fecha de la presentación del recurso de revisión judicial, (fecha en que fue suscrito dicho recurso por el señor Olivo García), en lugar del 11 de marzo de 2026, fecha que surge del ponche de entrega a este Tribunal intermedio.